# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| FLEXIWORLD TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CANON, INC. and <br> CANON SOLUTIONS AMERICA, INC., <br><br> Defendants. | CASE NO. 6:21-cv-0143 <br><br> PATENT CASE <br><br> JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Flexiworld Technologies, Inc., files this Original Complaint for patent infringement against Canon, Inc., and Canon Solutions America, Inc. alleging as follows:

## NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## THE PARTIES

2. Plaintiff **Flexiworld Technologies, Inc. ("Plaintiff" or "Flexiworld")** is a Washington corporation with its principal place of business at 2716 SE 169th Ave Q147, Vancouver, WA.

3. Defendant **Canon, Inc. ("CI")** is a Japanese corporation with a principal place of business located at 30-2, Shimomarkuko 3-chome, Ohta-ku, Tokyo 146-8501, Japan.

4. Defendant **Canon Solutions America, Inc. ("CSAI")** is a New York corporation with a regular and established place of business located at 12515 Research Blvd., Building 7, Suite 110, Austin, Texas, 78759.  CSAI is registered to do business in Texas and can be served

via its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

5. Defendants CI and CSAI are each individually liable and are jointly and severally liable for infringement of the Patents-in-Suit. Under theories of alter ego, single business enterprise liability, and agency, the conduct of each can be attributed to and considered the conduct of the others for purposes of infringement of the Patents-in-Suit. CI and CSAI have in the past and continue to hold themselves out as a single entity – "Canon" – acting in concert, with knowledge of each other's actions and control over each other.

6. Defendants CI and CSAI are hereinafter collectively referred to as **"Defendant"** or **"Canon."**

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq*. This Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and § 1338 (jurisdiction over patent actions).

8. Canon is subject to personal jurisdiction in this Court. In particular, this Court has personal jurisdiction over Canon because Canon, directly and through its subsidiaries, divisions, groups, or distributors, has sufficient minimum contacts with this forum as a result of business conducted within the State of Texas and/or pursuant to Fed. R. Civ. P. 4(k)(2). Furthermore, on information and belief, Canon has engaged in continuous, systematic, and substantial activities within this State, including substantial marketing and sales of products within this State and this District. Furthermore, on information and belief, this Court has personal jurisdiction over Canon because Canon has committed acts giving rise to Flexiworld's claims for patent infringement within and directed to this District.

9.      Furthermore, on information and belief, Canon has purposefully and voluntarily placed one or more infringing products into the stream of commerce with the expectation that they will be purchased and/or used by residents of this judicial District, including by directly and indirectly working with distributors, and other entities located in the State of Texas, to ensure the accused products reach the State of Texas and this judicial District, including in the Waco Division.

10.     Canon also maintains commercial websites accessible to residents of the State of Texas and this judicial District, through which Canon promotes and facilitates sales of the accused products.  For example, Canon's websites https://global.canon/en/index.html and https://csa.canon.com/internet/portal/us/csa are accessible to consumers in the United States, including those in the State of Texas and this judicial District, where Canon supplies information about products that can be in this judicial District, including the accused products identified herein.

11.     Canon has further availed itself of this District in other lawsuits, such as *Canon Inc. v. Optimum Imaging Technologies LLC,* No. 1:20-cv-01238 (W.D. Tex.), *Canon Inc. v. Roku, Inc.*, No. 6:19-cv-00245 (W.D. Tex.), and *Canon Inc. v. Acecom, Inc.*, No. 1:18-cv-00181 (W.D. Tex.), where Canon filed suit as a plaintiff in a patent infringement lawsuit.  In so doing, Canon used this Court's judicial resources and received protections from this District's rules and laws.

12.     This Court has general jurisdiction over Canon due to Canon's continuous and systematic contacts with the State of Texas and this jurisdiction.  Further, Canon is subject to this Court's jurisdiction because it has committed patent infringement in the State of Texas and this jurisdiction.  Thus, Canon has established minimum contacts with the State of Texas and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

13. On information and belief, Canon has committed acts of infringement in this District and has one or more regular and established places of business within this District under the language of 28 U.S.C. § 1400(b). Canon maintains a permanent physical presence within the Western District of Texas, conducting business from at least its location at 12515 Research Blvd., Building 7, Suite 110, Austin, Texas 78759. Thus, venue is proper in this District with respect to Canon under 28 U.S.C. § 1400(b).

14. In addition, on information and belief, venue is proper in this judicial district under 28 U.S.C. § 1391(b), (c) and 1400(b) because Canon has conducted and does conduct substantial business in this forum, directly and/or through subsidiaries, agents, representatives, or intermediaries, such substantial business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district. In addition, CI is a foreign entity. 28 U.S.C. § 1391(c)(3) provides that "a defendant not resident in the United States may be sued in any judicial district."

15. Venue is therefore proper in the Western District of Texas pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

## FLEXIWORLD AND THE PATENTS-IN-SUIT

16. Flexiworld is a pioneer and leading innovator in the field of pervasive wireless technologies.

17. Flexiworld was founded by American scientist and inventor William Ho Chang and is an innovator engaged in research and development of technologies for wireless applications and embedded solutions in short-range wireless (*e.g.,* Bluetooth, WiFi) and mobile device markets.

18. Flexiworld has significantly contributed to the innovation of wireless devices such as mobile phones, notebooks, PDAs, digital cameras, wireless television, wireless printers, wireless audio devices, etc.

19. Flexiworld was voted the best early-stage company in the Pacific Northwest in 2002 and Flexiworld's business plan was also voted, consecutively, as the top 2 among the "Ten Best" in 2002 and in 2003 by the Business Journal in Silicon Valley, USA.

20. Flexiworld's innovative work and results have been widely recognized in the industry. The company's patents have been repeatedly forward cited by major technology companies worldwide, including by Canon.

21. Flexiworld has developed wireless applications and embedded solutions for the short-range wireless and mobile device market.

22. William H. Chang, one of the named co-inventors on the Patents-in-Suit, is the founder and President of Flexiworld. Mr. Chang has been granted over 77 United States patents and over 91 patents worldwide on his inventions.

23. Christina Ying Liu, one of the named co-inventors on the Patents-in-suit, is a Flexiworld shareholder. Ms. Liu has been granted over 60 United States patents and over 70 patents worldwide on her inventions.

24. This cause of action asserts infringement of United States Patent Nos. 9,036,181 ("the '181 Patent"), 10,140,071 ("the '071 Patent"), United States Patent Nos. 10,481,846 ("the

'846 Patent"), 10,642,576 ("the '576 Patent"), and 10,761,791 ("the '791 Patent") (collectively, the "Patents-in-Suit").

### The '181

25. The '181 Patent, entitled "Wireless printing device for printing digital content received via wireless communication compatible, at least partly, with IEEE 802.11 or Bluetooth," duly and legally issued on May 19, 2015, from U.S. Patent Application No. 12/764,015, filed on April 20, 2010, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the '181 Patent is attached hereto as **Exhibit 1** and is incorporated by reference.

26. The '181 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

27. Flexiworld is the owner and assignee of all rights, title, and interest in and under the '181 Patent.

28. An assignment of the '181 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 029112/0430.

29. Flexiworld has standing to sue for infringement of the '181 Patent.

### The '071 Patent

30. The '071 Patent, entitled " Printers, printer controllers, printer software, or printer firmware for supporting wireless printing or printing over air," duly and legally issued on November 27, 2018, from U.S. Patent Application No. 15/332,432, filed on October 24, 2016, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the '071 Patent is attached hereto as **Exhibit 3** and is incorporated by reference.

31. The '071 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

32. Flexiworld is the owner and assignee of all rights, title, and interest in and under the '071 Patent.

33. An assignment of the '071 Patent from inventors Chang and Liu to Flexiworld is at the PTO at Reel/Frame 042385/0202.

34. Flexiworld has standing to sue for infringement of the '071 Patent.

**The '846 Patent**

35. The '846 Patent, entitled, "Software applications and information apparatus for printing over air or for printing over a network," duly and legally issued on November 19, 2019, from U.S. Patent Application No. 15/697,247, filed on September 6, 2017, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the '846 Patent is attached hereto as **Exhibit 3** and is incorporated by reference.

36. The '846 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

37. Flexiworld is the owner and assignee of all rights, title, and d interest in and under the '846 Patent.

38. An assignment of the '846 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at Reel/Frame 044174/0659.

39. Flexiworld has standing to sue for infringement of the '846 Patent.

**The '576 Patent**

40. The '576 Patent, entitled, "Mobile information apparatus that includes wireless communication circuitry for discovery of an output device for outputting digital content at the wirelessly discovered output device," duly and legally issued on May 5, 2020, from U.S. Patent Application No. 16/229,896, filed on December 21, 2018, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the '846 Patent is attached hereto as **Exhibit 4** and is incorporated by reference.

41. The '576 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

42. Flexiworld is the owner and assignee of all rights, title, and interest in and under the '576 Patent.

43. An assignment of the '576 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at Reel/Frame 012382/0239

44. Flexiworld has standing to sue for infringement of the '576 Patent.

**The '791 Patent**

45. The '791 Patent, entitled, "Wireless printing devices that provide printing services over a network without a need for a client device of the printing device to use, at the client device, a printer specific printer driver," duly and legally issued on September 1, 2020, from U.S. Patent Application No. 15/726,899, filed on October 6, 2017, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the '791 Patent is attached hereto as **Exhibit 5** and is incorporated by reference.

46. The '791 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

47. Flexiworld is the owner and assignee of all rights, title, and interest in and under the '791 Patent.

48. An assignment of the '791 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at Reel/Frame 043806/0709.

49. Flexiworld has standing to sue for infringement of the '791 Patent.

50. Canon has not obtained a license to any of the Patents-in-Suit.

51. Canon does not have Flexiworld's permission to make, use, sell, offer to sell, or import products that are covered by one or more claims of any of the Patents-in-Suit.

52. Canon needs to obtain a license to the Patents-in-Suit and cease its ongoing infringement of Flexiworld's patent rights.

## GENERAL ALLEGATIONS

53. Canon makes, uses, sells, offers to sell, and/or imports into the United States products as claimed in each of the Patents-in-Suit.

54. Canon makes, uses, sells, offers to sell, and/or imports into the United States wireless printers that infringe at least one claim of one or more of the Patents-in-Suit, including but not limited to Canon's imageClass and imageRunner wireless printers (**"the Accused Wireless Printers"**).

55. Canon makes, uses, sells, offers to sell, and/or imports into the United States a computer readable medium, with at least part of a software program recorded therein, that infringes at least one claim of one or more of the Patents-in-Suit, including but not limited to computer readable recording mediums with Canon's PRINT Business App recorded therein (**"the Accused Canon Apps"**).

56. Canon has infringed and continues to infringe (literally and/or under the doctrine of equivalents), directly, indirectly, and/or through subsidiaries, agents, representatives, or intermediaries, one or more claims of each of the Patents-in-Suit by making, using, importing, testing, supplying, causing to be supplied, selling, and/or offering for sale in the United States the Accused Wireless Printers and/or the Accused Canon Apps (collectively **"the Accused Products"**).

57. Canon's customers have directly infringed and continue to directly infringe the Patents-in-Suit by using the Accused Products. Through its product manuals, website, and/or sales and marketing activities, Canon solicits, instructs, encourages, and aids and abets its customers to purchase and use the Accused Products in an infringing way.

58. Canon has knowledge of the Patents-in-Suit at least as of service of this lawsuit.

59. Canon's ongoing actions are with specific intent to cause infringement of one or more claims of each of the Patents-in-Suit.

60. Further discovery may reveal earlier knowledge of one or more of the Patents-in-Suit, which would provide additional evidence of Canon's specific intent and/or willful blindness with respect to infringement.

61. Flexiworld has been and continues to be damaged as a result of Canon's infringing conduct. Canon is therefore liable to Flexiworld in an amount that adequately compensates Flexiworld for Canon's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

62. Canon markets and sells other products that are not covered by the claims of the Patents-in-Suit but that are sold with or in conjunction with the Accused Products (e.g., printer ink).  Accordingly, Flexiworld is entitled to collect damages from Canon for convoyed sales of certain non-patented items.

63. Canon failed to obtain permission from Flexiworld to make, use, sell, offer to sell, or import products incorporating the inventions claimed in the Patents-in-Suit including, but not limited to, the Accused Products.

64. Attached hereto are **Exhibits 6-10,** and incorporated herein by reference, are representative claim charts detailing how the exemplar Accused Products have, and continue to, infringe the Patents-in-Suit.

65. For each count of infringement listed below, Flexiworld incorporates and re-states the allegations contained in the preceding paragraphs above, including these General Allegations, as if fully set forth in each count of infringement.

## COUNT I – INFRINGEMENT OF THE '181 PATENT

66. Flexiworld incorporates herein the allegations made in paragraphs 1 through 65.

67. Canon has and continues to directly infringe one or more claims of the '181 Patent, including, for example, claims 1, 2, 3, 5, and 6, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Wireless Printers.

68. Additionally, on information and belief, Canon is indirectly infringing the '181 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Wireless Printers and/or by instructing customers how to use the Accused Wireless Printers in a way that directly infringes at least claims 1, 2, 3, 5, and 6 of the '181 Patent.

69. Canon has had actual knowledge of the '181 Patent since at least January 26, 2021.

70. On information and belief, Canon's ongoing actions represent a specific intent to induce infringement of at least claims 1, 2, 3, 5, and 6 of the '181 Patent. For example, Canon offers its customers extensive customer support and instructions that instruct and encourage its customers to infringe the '181 Patent via at least their use of the Accused Wireless Printers. *See, e.g.*, https://csa.canon.com/internet/portal/us/csa; https://csa.canon.com/internet/portal/us/csa/support/help-desk; https://csa.canon.com/internet/portal/us/csa/support/.

71. An exemplary claim chart demonstrating Canon's infringement of the '181 Patent, as well as Canon's customers' infringement of the '181 Patent, which is induced by Canon, is attached as **Exhibit 6** and incorporated herein by reference.

72. As a result of Canon's infringement of the '181 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT II – INFRINGEMENT OF THE '071 PATENT

73. Flexiworld incorporates herein the allegations made in paragraphs 1 through 65.

74. Canon has and continues to directly infringe one or more claims of the '071 Patent, including, for example, claims 1-7, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Wireless Printers.

75. Additionally, on information and belief, Canon is indirectly infringing the '071 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Wireless Printers and/or by instructing customers how to use the Accused Wireless Printers in a way that directly infringes at least claims 1-7 of the '071 Patent.

76. Canon has had actual knowledge of the '071 Patent since at least January 26, 2021.

77. On information and belief, Canon's ongoing actions represent a specific intent to induce infringement of at least claims 1-7 of the '071 Patent.  For example, Canon offers its customers extensive customer support and instructions that instruct and encourage its customers to infringe the '181 Patent via at least their use of the Accused Wireless Printers.  *See, e.g.,* https://csa.canon.com/internet/portal/us/csa; https://csa.canon.com/internet/portal/us/csa/support/help-desk; https://csa.canon.com/internet/portal/us/csa/support/.

78. An exemplary claim chart demonstrating Canon's infringement of the '071 Patent, as well as Canon's customers' infringement of the '071 Patent, which is induced by Canon, is attached as **Exhibit 7** and incorporated herein by reference.

79. As a result of Canon's infringement of the '071 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT III – INFRINGEMENT OF THE '846 PATENT

80. Flexiworld incorporates herein the allegations made in paragraphs 1 through 65.

81. Canon has and continues to directly infringe one or more claims of the '846 Patent, including, for example, claims 1-5, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Canon Apps, including non-transitory computer readable storage mediums with the Accused Canon Apps.

82. Additionally, on information and belief, Canon is indirectly infringing the '846 Patent in violation of 35 U.S.C. § 271(b) by inducing customers to purchase and/or download the Accused Canon Apps and/or by instructing customers how to use the Accused Canon Apps in a way that directly infringes at least claims 1-5 of the '846 Patent.

83. Canon has had actual knowledge of the '846 Patent since at least January 26, 2021.

84. On information and belief, Canon's ongoing actions represent a specific intent to induce infringement of at least claims 1-5 of the '846 Patent.  For example, Canon offers its customers extensive customer support and instructions, including an instructional video and brochures, that instruct and encourage its customers to infringe the '846 Patent via at least their use of the Accused Canon Apps.  *See, e.g.,* https://downloads.canon.com/nw/pdfs/copiers/CanonPrintBusinessPromoFlyer.pdf; https://downloads.canon.com/nw/pdfs/copiers/CPB-MinimizingTouchPoints-RemoteOperation.pdf; https://csa.canon.com/internet/portal/us/csa/products/details/software/enterprise-office/canon-print-business-app/canon-print-buisness-app.

85. Additionally, on information and belief, Canon is indirectly infringing the '846 Patent in violation of 35 U.S.C. § 271(c) by contributing to the direct infringement of Canon's customers.  Since at least when it learned of the '846 patent, Canon has known, or should have

known, that the intended use of its Accused Canon Apps by an end user is both patented and infringing.

86. The Accused Canon Apps are not staple articles or commodities of commerce suitable for substantial noninfringing use. Rather, the Accused Canon Apps are especially made and/or adapted for use in infringing the '846 Patent. Further, the Accused Canon Apps are a material part of the inventions claimed in claims 1-5 of the '846 Patent. *See, e.g.,* https://downloads.canon.com/nw/pdfs/copiers/CanonPrintBusinessPromoFlyer.pdf; https://downloads.canon.com/nw/pdfs/copiers/CPB-MinimizingTouchPoints-RemoteOperation.pdf; https://csa.canon.com/internet/portal/us/csa/products/details/software/enterprise-office/canon-print-business-app/canon-print-buisness-app.

87. An exemplary claim chart demonstrating Canon's infringement of the '846 Patent, as well as Canon's customers' infringement of the '846 Patent, which is induced and contributed to by Canon, is attached as **Exhibit 8** and incorporated herein by reference.

88. As a result of Canon's infringement of the '846 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT IV – INFRINGEMENT OF THE '576 PATENT

89. Flexiworld incorporates herein the allegations made in paragraphs 1 through 65.

90. Canon has and continues to directly infringe one or more claims of the '576 Patent, including, for example, claims 15, 16, 18, and 20, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Canon App.

91. Additionally, on information and belief, Canon is indirectly infringing the '576 Patent in violation of 35 U.S.C. § 271(b) by inducing customers to purchase and/or download the

Accused Canon Apps and/or by instructing customers how to use the Accused Canon Apps in a way that directly infringes at least claims 15, 16, 18, and 20 of the '576 Patent.

92. Canon has had actual knowledge of the '576 Patent since at least January 26, 2021.

93. On information and belief, Canon's ongoing actions represent a specific intent to induce infringement of at least claims 15, 16, 18, and 20 of the '576 Patent.  For example, Canon offers its customers extensive customer support and instructions, including an instructional video and brochures, that instruct and encourage its customers to infringe the '576 Patent via at least their use of the Accused Canon Apps.  *See, e.g.,* https://downloads.canon.com/nw/pdfs/copiers/CanonPrintBusinessPromoFlyer.pdf; https://downloads.canon.com/nw/pdfs/copiers/CPB-MinimizingTouchPoints-RemoteOperation.pdf; https://csa.canon.com/internet/portal/us/csa/products/details/software/enterprise-office/canon-print-business-app/canon-print-buisness-app.

94. Additionally, on information and belief, Canon is indirectly infringing the '576 Patent in violation of 35 U.S.C. § 271(c) by contributing to the direct infringement of Canon's customers.  Since at least when it learned of the '576 patent, Canon has known, or should have known, that the intended use of its Accused Canon Apps by an end user is both patented and infringing.

95. The Accused Canon Apps are not staple articles or commodities of commerce suitable for substantial noninfringing use.  Rather, the Accused Canon Apps are especially made and/or adapted for use in infringing the '576 Patent.  Further, the Accused Canon Apps are a material part of the inventions claimed in claims 15, 16, 18, and 20 of the '576 Patent.  *See, e.g.,* https://downloads.canon.com/nw/pdfs/copiers/CanonPrintBusinessPromoFlyer.pdf; https://downloads.canon.com/nw/pdfs/copiers/CPB-MinimizingTouchPoints-RemoteOperation.pdf;

https://csa.canon.com/internet/portal/us/csa/products/details/software/enterprise-office/canon-print-business-app/canon-print-buisness-app.

96. An exemplary claim chart demonstrating Canon's infringement of the '576 Patent, as well as Canon's customers' infringement of the '576 Patent, which is induced and contributed to by Canon, is attached as **Exhibit 9** and incorporated herein by reference.

97. As a result of Canon's infringement of the '576 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

### COUNT V – INFRINGEMENT OF THE '791 PATENT

98. Flexiworld incorporates herein the allegations made in paragraphs 1 through 65.

99. Canon has and continues to directly infringe one or more claims of the '791 Patent, including, for example, claims 1-5, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Wireless Printers.

100. Additionally, on information and belief, Canon is indirectly infringing the '791 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Wireless Printers and/or by instructing customers how to use the Accused Wireless Printers in a way that directly infringes at least claims 1-5 of the '791 Patent.

101. Canon has had actual knowledge of the '791 Patent since at least January 26, 2021.

102. On information and belief, Canon's ongoing actions represent a specific intent to induce infringement of at least claims 1-5 of the '791 Patent. For example, Canon offers its customers extensive customer support and instructions that instruct and encourage its customers to infringe the '791 Patent via at least their use of the Accused Wireless Printers. *See, e.g.,*

https://csa.canon.com/internet/portal/us/csa; https://csa.canon.com/internet/portal/us/csa/support/help-desk; https://csa.canon.com/internet/portal/us/csa/support/.

103.   An exemplary claim chart demonstrating Canon's infringement of the '791 Patent, as well as Canon's customers' infringement of the '791 Patent, which is induced by Canon, is attached as **Exhibit 10** and incorporated herein by reference.

104.   As a result of Canon's infringement of the '791 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Flexiworld demands a trial by jury on all issues triable of right by a jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Flexiworld respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. A judgment that Canon has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b. A judgment and order requiring Canon to pay Flexiworld past and future damages under 35 U.S.C. § 284, including for supplemental damages arising from any continuing post-verdict infringement for the time between trial and entry of the final judgment with an accounting, as needed, as provided by 35 U.S.C. § 284;

c. A judgment and order requiring Canon to pay Flexiworld reasonable ongoing royalties on a going-forward basis after final judgment;

d. A judgment and order requiring Canon to pay Flexiworld pre-judgment and post-judgment interest on the damages award;

e. A judgment and order requiring Canon to pay Flexiworld's costs; and

f. Such other and further relief as the Court may deem just and proper.

Dated:  February 11, 2021                                  Respectfully submitted,

*/s/ Timothy E. Grochocinski*____
**TIMOTHY E. GROCHOCINSKI**
ILLINOIS BAR NO. 6295055
**JOSEPH P. OLDAKER**
ILLINOIS BAR NO. 6295319
**NELSON BUMGARDNER ALBRITTON PC**
15020 S. Ravinia Avenue, Suite 29
Orland Park, Illinois 60462
708.675.1974 (telephone)
tim@nbafirm.com
joseph@nbafirm.com

***COUNSEL FOR PLAINTIFF
FLEXIWORLD TECHNOLOGIES, INC.***